## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR<br>ENVIRONMENTAL RESPONSIBILITY,<br>962 Wayne Ave, Suite 610<br>Silver Spring, MD 20910<br><br>     *Plaintiff*,<br>v.<br><br>NATIONAL PARK SERVICE<br>1849 C St NW<br>Washington, DC 20240<br><br>     *Defendant*. | CIVIL ACTION NO. 23-3690<br><br>**COMPLAINT** |

## **PRELIMINARY STATEMENT**

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Department of the Interior's National Park Service ("NPS") to disclose records that PEER requested pursuant to FOIA that are now between three months and three years overdue.

2. From 2020-2023, PEER submitted the FOIA requests described below to NPS for records regarding telecommunications proposals and installations across three National Park Service units: Glacier, Zion, and Bryce Canyon National Parks.

    a. **Zion National Park**: PEER submitted a FOIA request on July 9, 2020, to which the agency never responded or provided a tracking number. On July 28, 2023, PEER submitted a second request reincorporating and superseding the first; to this second request, NPS assigned tracking number DOI-NPS-2023-05782.

    b. **Glacier National Park**: PEER submitted a FOIA request on October 7, 2020, to which NPS assigned tracking number DOI-NPS-2021-000138. Since NPS provided no responsive records, PEER submitted a second request on June 18, 2021 for the same material, with an updated timeframe. NPS assigned tracking number DOI-NPS-2021-004630.

    c. **Bryce Canyon National Park**: PEER submitted a FOIA request on March 22, 2023, to which NPS assigned tracking number DOI-NPS-2023-003505.

3. To date, Defendant has failed to make a final determination on PEER's FOIA requests and has failed to disclose all of the requested records within the time stipulated under FOIA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland, with field offices covering the Northeast/Mid-Atlantic, Southeast/Gulf Coast, Rocky Mountain, and Pacific regions of the United States.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including public lands and natural resource management, the regulation and remediation of toxic substances, public funding of environmental and natural resource agencies, and government accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

10. Defendant NPS is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

11. NPS is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The failure of NPS to provide PEER with the records requested and its failure to make a final determination on PEER's various FOIA requests within 20 working days are violations of FOIA.

## STATEMENT OF FACTS

*Zion National Park*

12. On July 9, 2020, Jeff Ruch, PEER's Pacific Field Office Director, submitted a FOIA request on behalf of PEER seeking the following seven items:

> 1. Copies of all SF-299 applications received by Zion since January 1, 2015. This request includes:
>
>> a) All required attachments to the SF-299, including (but not limited to) photo simulations and drawings, "before" and "after" coverage maps, and build-out plans of the applicant; and
>>
>> b) Copies of Zion's "Administrative Record" for each SF-299 application received since January 1, 2015.
>
> 2. Zion's written response to any wireless company that has submitted an SF-299 application to Zion since January 1, 2015.
>
> 3. Any National Environmental Policy Act (NEPA) compliance documents prepared for any cellular or Wi-Fi proposal in Zion, including any Environmental

> Assessments and/or Categorical Exclusions. This request includes attachments to any of these NEPA documents.
>
> 4. Any National Historic Preservation Act (NHPA) compliance documents prepared for any cellular or Wi-Fi proposal in Zion. This request includes all correspondence from January 1, 2015 to the present between Zion and the Utah State Historic Preservation Office pertaining to any proposed cellular or Wi-Fi facility in Zion.
>
> 5. Copies of all Right-of-Way Permits issued by the NPS Regional Director for any cellular or Wi-Fi facility in Zion from January 1, 2015 to the present.
>
> 6. Records created during the period from January 1, 2015 to the present pertaining to any proposed cellular or Wi-Fi facility in Zion. Such records would include, but are not limited to, e-mails; e-mail attachments; letters; meeting minutes; meeting notes; phone messages; and memos.
>
> 7. Records documenting the current quality of cell phone coverage in Zio as well as the quality of cell coverage prior to installation of latest cell tower within the park.

13. Mr. Ruch did not receive from NPS any acknowledgement of this request, tracking number, or responsive documents.

14. In a July 15, 2022 email exchange between Mr. Ruch and NPS FOIA Officer for DOI Regions 6, 7, and 8 Alison Yamato, Ms. Yamato confirmed that she had no record of the request, stating that the request might not have been properly received because at that time the agency had been moving to a new FOIA tracking system.

15. On July 28, 2023, PEER submitted a second request to the online FOIA portal seeking the same items listed in PEER's July 9, 2020 request through the new request date.

16. Via email on August 23, 2023, NPS acknowledged that it had received the FOIA July 28, 2023 request on the same day it was sent. In the same message, NPS assigned tracking number DOI-NPS-2023-05782 and granted PEER's fee waiver request.

17. To date, PEER has not received any records related to this request.

*Glacier National Park*

18. On October 7, 2020, Jeff Ruch, PEER's Pacific Field Office Director, submitted a FOIA request on behalf of PEER via the FOIAOnline portal seeking the following nine items:

>1. Copies of all SF-299 applications received by GLAC since January 1, 2017. This request includes all required attachments to the SF-299, including (but not limited to) photo simulations and drawings, "before" and "after" coverage maps, and build-out plans of the applicant.
>
>2. GLAC's written response to any wireless company that has submitted an SF-299 application to GLAC.
>
>3. Copies of all National Environmental Policy Act (NEPA) compliance documents prepared for any cellular or Wi-Fi proposal in GLAC, including any Environmental Assessments and/or Categorical Exclusions, including attachments to any of these NEPA documents.
>
>4. Copies of all National Historic Preservation Act (NHPA) compliance documents prepared for any cellular or Wi-Fi proposal in GLAC. This request includes all correspondence from January 1, 2017 to the present between GLAC and the Montana State Historic Preservation Office pertaining to any proposed cellular or Wi-Fi facility in GLAC.
>
>5. Copies of all Right-of-Way Permits issued by the NPS Regional Director for any cellular or Wi-Fi facility in GLAC from January 1, 2017 to the present.
>
>6. Copies of all records in the possession of GLAC, from January 1, 2017 to the present, pertaining to any proposed cellular or Wi-Fi facility in GLAC. Such records include, but are not limited to, e-mails; e-mail attachments; letters; meeting minutes; meeting notes; phone messages; and memos.
>
>7. Copies of GLAC's "Administrative Record" for each SF-299 application received since January 1, 2017.
>
>8. Copies of all records, from January 1, 2017 to the present, documenting the quality of cell phone coverage in GLAC.
>
>9. Copies of all communications in any form received from the public since January 1, 2017 concerning cellular service in GLAC, and all GLAC responses to those communications.

19. Via email on the same day, NPS acknowledged receipt and assigned tracking number DOI-NPS-2021-000138.

20. Eight months after the date of the request, as NPS had provided no responsive records, PEER submitted a second request on June 18, 2021 for the same nine items.

21. With its June 18, 2021 request PEER included a request for expedited processing, because at that time, Glacier National Park had recently published a draft telecom plan, the public review period for which was set to close in twenty-four days. PEER explained that without the internal details of this proposal, the organization would be unable to submit informed public comments and to properly inform the public about this NPS activity. PEER also reminded NPS that the agency had never provided any responsive records from PEER's initial request in the fall of 2020.

22. On June 29, 221, NPS FOIA Officer for the United States Department of the Interior Regions 6, 7, and 8 Alison Yamato sent a "partial response" to PEER's first Glacier National Park FOIA request (NPS-2021-00138). The letter stated that NPS was continuing to review responsive documents and hoped "to have those final documents out to you by the next week."

23. The partial response consisted of 286 pages of documents released in full. These were scoping comments from the public from February/March of 2020 and were only partially responsive to item number nine of PEER's request.

24. On October 19, 2021, Mr. Ruch received an email from admin@foiaonline.gov denying expedited processing of PEER's June 18, 2021 request. This email listed the tracking number of the request as DOI-NPS-2021-004630, and listed the request has having been created on "06/18/2021."

25. Via email on October 20, 2021, NPS granted a fee waiver for PEER's June 18, 2021 request.

26. On July 15, 2022, in response to an inquiry from Mr. Ruch into the status of the Glacier National Park FOIA request, NPS FOIA Officer for the United States Department of the Interior Regions 6, 7, and 8 Alison Yamato stated that they were "still winding through review."

27. On December 9, 2022, Ms. Yamato sent an update stating, "the second request extending the date (FOIA NPS-2020-004630) was closed as a duplicate and we searched for additional records that would meet the new search criteria. This is being reviewed right now and I truly hope to get it out soon."

28. Roughly a year since this last communication, PEER has yet to receive the rest of the responsive records regarding Glacier National Park for this request.

*Bryce Canyon National Park*

29. On March 21, 2023, Jeff Ruch, PEER's Pacific Field Office Director, submitted a FOIA request on behalf of PEER via the FOIAOnline portal seeking the following three items:

> 1. All coverage maps (before and after) submitted to the park or prepared by the park for its consideration of a proposal by Verizon Wireless for a cell tower in BRCA (see the park's October 28, 2019 news release announcing the availability of an Environmental Assessment reviewing the proposal).
>
> 2. All comments received from the public by BRCA following the release of the October 2019 Environmental Assessment, "Cellular Telecommunications Tower with Power and Fiber Optic Connection." We believe that there were in excess of 400 such comments.
>
> 3. All right-of-way (ROW) permits issued by BRCA, from July 2020 to the present, relating to the Verizon telecommunications facility at Science Hill in BRCA (activated, according to park officials, in September 2022). This includes any ROW permit issued to any wireless or cellular company, any fiber optic cable company, and/or any electric utility company.

30. Via email on March 23, 2023, NPS acknowledged that it had received the March 21, 2023 FOIA request on the same day it was sent. In the same message, NPS assigned tracking number DOI-NPS-2023-003505 and granted PEER's fee waiver request.

31. On July 17, 2023, the individual listed as the recipient for the documents for PEER's Bryce Canyon FOIA request emailed FOIA Officer for the United States Department of the Interior Regions 6, 7, and 8 Alison Yamato to inquire about the status of the request. He received no response.

32. To date, PEER has yet to receive any responsive records regarding Bryce Canyon National Park for this request.

33. **CAUSE OF ACTION**

34. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

35. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

36. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

37. Twenty working days from PEER's requests are as follows:

    - Zion request of July 9, 2020 (no tracking number): August 6, 2020

    - Zion request of July 28, 2023 (DOI-NPS-2023-05782): August 25, 2023

    - Glacier request of October 7, 2020 (DOI-NPS-2021-000138): November 6, 2020

    - Glacier request of June 18, 2021 (DOI-NPS-2021-004630): July 19, 2021

    - Bryce Canyon request of March 21, 2023 (DOI-NPS-2023-003505): April 18, 2023

38. At no time has NPS claimed that "unusual circumstances" warrant the ten-working-day extension available under 5 U.S.C. § 552(a)(6)(B)(i).

39. As of the date of this filing, PEER has not received a final determination on its FOIA requests and NPS has not made the records "promptly available." NPS's responses to the FOIA requests described above are now between three months and three years overdue.

40. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for the FOIA requests described in this complaint, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

41. Defendant's conduct amounts to a denial of PEER's FOIA requests. NPS is frustrating PEER's efforts to adequately understand how NPS is considering telecommunications and cell tower issues in Zion, Glacier, and Bryce Canyon National Parks, and to educate the public regarding these issues.

42. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the NPS to immediately produce the records sought in PEER's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

43. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on December 12, 2023,

/s/ *Laura Dumais*
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
*Attorney for Plaintiff*